# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AFFILIATED CORPORATE SERVICES, INC. | § § § | |
| vs. | § § | Case No. 4:01CV181 (Judge Brown/Judge Faulkner) |
| CIT FINANCIAL USA, INC., f/k/a NEW COURT FINANCIAL SERVICES INC., successor in interest to AT&T CAPITAL LEASING SERVICES, INC. | § § § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion for Summary Judgment, and having considered the motion, and the response thereto, the Court is of the opinion that the motion should be denied.

### Background Facts

On September 22, 1994, Plaintiff and AT&T Capital Leasing Services, Inc. ("AT&T") entered into a Master Assignment Agreement (the "Agreement"). Through a series of corporate transactions, ATT is now CIT Financial USA, Inc. ("CIT"). Under the Agreement, Plaintiff would find individuals or entities which desired to lease equipment and then qualify such individuals or entities under the guidelines required by AT&T. Upon submission and approval of the leases, AT&T would fund the discounted amount of the lease and take assignment of the lease and its collateral.

During negotiation of the Agreement, a handwritten provision was included at the insistence of Plaintiff's representative, James Lahti. This language was

handwritten by Mr. Lahti. This handwritten provision provided as follows:

> Upon satisfactory payment of all amounts due under each lease, upon request, we will transfer our interest in the equipment and lease to you as is, where is, without any representations whatsoever.

There have been numerous leases which have been executed and assigned to AT&T and now CIT. Beginning in 1999, Plaintiff asserts that there were leases maturing and not being reported back to Plaintiff. On or about October 11, 1999, after numerous telephone conversations, Plaintiff made demand upon CIT's predecessor, New Court Financial Services, Inc. ("New Court") to begin forwarding the information as well as reassigning the leases and equipment. By telephone conversations, Plaintiff asserts that New Court agreed to this. Plaintiff asserts that when CIT acquired New Court, CIT failed and refused to comply with the Agreement.

On June 6, 2001, Plaintiff filed this lawsuit. On February 6, 2002, Plaintiff filed a motion for partial summary judgment asking for summary judgment on its breach of contract claim. On April 1, 2002, the Court issued its report and recommendation that the motion should be denied. On May 7, 2002, the report was adopted by the District Court. On May 17, 2002, Defendant filed its motion for summary judgment. On July 1, 2002, Plaintiff filed a response.

Summary Judgment Standard

The granting of summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The trial court must resolve all reasonable doubts in favor of the party opposing the motion. Casey Enterprises, Inc. v. Am. Hardware Mut. Ins. Co.,

655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The party seeking summary judgment carries the burden of demonstrating that there is no actual dispute as to any material fact in the case. This burden, however, does not require the moving party to produce evidence showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2554 (1986). The moving party satisfies its burden by "pointing out to the district court... that there is an absence of evidence to support the nonmoving party's case." <u>Id</u>.

Once the moving party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof, then summary judgment will be appropriate. <u>Celotex</u>, 106 S.Ct at 2552-53. Even if the nonmovant brings forth evidence in support of its allegations, summary judgment will be appropriate "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2511 (1986)(citations omitted).

<u>Analysis</u>

Defendant seeks summary judgment on Plaintiff's claims for (1) breach of contract; (2) specific performance; (3) fraud; (4) conversion; and (5) suit on account. Defendant also seeks summary judgment on its counterclaim for breach of contract.

The parties do not dispute the validity of the Agreement or dispute that the added handwritten language is part of the Agreement. Defendant asserts that Plaintiff cannot establish the necessary elements of Plaintiff's claims. The Court previously denied Plaintiff's motion for summary judgment because there were numerous factual issues. In response to Defendant's motion, Plaintiff has produced summary judgment evidence that demonstrates that there are numerous material fact issues that prevent granting summary judgment on Defendant's motion.

Defendant's Counterclaim

Defendant also requests summary judgment for breach of contract arising from two instances in which Defendant paid Plaintiff $56,367 for the right to receive the rental stream but never received a single lease payment. Defendant asserts that under the Agreement, Plaintiff was required to return the $56,367.

The Agreement provides as follows:

In the event that the Lessee defaults in the payment of the first rental payment following AT&T Capital's acquisition of the Lease, the Lessor agrees to return to AT&T Capital the amount of the commission or fee paid by AT&T Capital to the Lease for assigning or arranging the Lease. Agreement, paragraph 6(c).

To recover on a breach of contract claim, Plaintiff must prove the following: (1) the existence of a valid contract; (2) that Plaintiff performed all its contractual obligations or tendered performance; (3) that Defendant breached the contract; and (4) that the breach caused damages. Guzman v. Ugly Duckling Car Sales, 63 S.W.3d 522, 528 (Tex. App.-San Antonio 2001, writ denied).

Defendant did not make demand upon Plaintiff for repayment until April 9, 2002. The Court has previously found that there are several factual issues in this case. Therefore, the Court must find that Defendant's request for summary judgment on its counterclaim should be denied.

## **RECOMMENDATION**

Based upon the forgoing, it is this Court's recommendation that Defendant's Motion for Summary Judgment should be DENIED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).

SIGNED this 28 day of August, 2002.

ROBERT FAULKNER
UNITED STATES MAGISTRATE JUDGE